## COMMON PLEAS.

### OHIO, AUGUST, 1816.

*United States.*
v
*Alexander Campbell.*
} INFORMATION.

The government of the United States cannot make use of the state courts to enforce their penal laws. A proceeding by information under penal law of the United States, is a criminal proceeding, and is contrary to the constitution of the state. Proceeding by information is prohibited by the 10th sect. of the 8th article of the constitution in Ohio

Information filed by J. C. Wright, collector of the revenue for the 6th collection district of Ohio, against Alexander Campbell, for selling domestic distilled spirits without a license therefor from the collector; contrary to the act of congress in such case made and provided, and praying " that the said Alexander Campbell may forfeit and pay to the United States the sum of 150 dollars penalty, and also the farther sum of 15 dollars duty, by law imposed by a license to retail," &c. " according to the provisions of the acts of congress in such cases made and provided," &c.

The defendant filed the following exceptions to the jurisdiction of this court.

"And the said Alexander Campbell says, that the information filed against him by John C. Wright, collector, contains no matter or thing to which he, the said Alex-

OHIO,
Aug. 1816.

United States
v.
Campbell

ander Campbell, is in this court bound to answer, for that the retailing liquor by the quart is not an offence against any of the laws of the state of Ohio, of offences against which laws only this court can take jurisdiction—and for that also by the constitution of of the state of Ohio, no man can be held to answer any offence in the courts of the said state except upon indictment or presentment of a grand jury, wherefore the said Alexander Campbell prays that he may be discharged from answering said inform-ation, and that the same may be quashed.—C. Hammond, attorney for defendant."

Judge *Tappan*.—This is a very important question of jurisdiction, upon which, if I had doubts, I would take farther time to deliberate before giving an opinion: as I have none, I will not delay the cause by a continuance, but proceed to give my opinion, notwithstanding the pres-sure of business may prevent my adverting to many of the reasons and grounds whereon that opinion is founded.

There can be no hesitation in asserting that a proceed-ing by information is a criminal prosecution, and that it hath always been used as such.    4 Bl. Com. chap. 23. The King v. Berchet and others, 1 Shower, 106.    I refer to these authorities as fully supporting both propositions.

The first question will then be, can the United States prosecute for offences against their laws in the state courts?

This will depend upon the constitution of the United States, and the constitution of this state.

The state of Ohio is a sovereign and independent state, not controllable by any earthly power in the making or administration of its laws, except only in such particulars as it has delegated a portion of that sovereignty to the United States by the federal constitution, and as it hath limited itself in the exercise of power by the same con-stitution.

The constitution of the United States creates a district and separate government from the several state govern-ments, and delegates specified and limited powers to the government so created.    By the 3d article, sections 1 and 2, the judicial power of the United States shall be vested in one supreme court, and in such inferior courts

as the congress may from time to time ordain and establish; and "the judicial power shall extend to all cases in law and equity arising under this constitution, the laws of the United States, and treaties made or which shall be made under their authority; to all cases affecting ambassadors, other public ministers and consuls; to all cases of admiralty, and maritime jurisdiction; to controversies to which the United States shall be a party," &c.  The judicial power of the United States extends to the case now before this court, and that power is wholly vested in the United States' courts.  The Supreme Court of the United States hath an appellate jurisdiction in all controversies to which the United States shall be a party; there is no clause in the constitution of the United States which authorizes congress to give jurisdiction to the state courts, or to require the performance of any judicial duties of them; it cannot be said that congress by their laws ordained and established us a court of the United States; for by the operation of the 8th sect. of the 3d article of the constitution of this state, if such were the fact, we should cease to be a state court; and will it be imagined that an appeal can be taken from this court to the Supreme Court of the United States?  The powers not delegated to the United States by the constitution are expressly reserved to the states, or to the people; it follows necessarily, and clearly to my mind, that congress have no power to vest any jurisdiction whatever in the state courts.

This is a criminal prosecution; it may well be doubted whether one sovereign state can sue in the municipal courts of another state; but waiving this point, as not necessary to be here decided, I assume it to be a settled principle in jurisprudence, that one sovereign state cannot make use of the municipal courts of another government to enforce its penal laws.  No one would doubt, for an instant, if the government of Great Britain or France, or even one of the other states of the Union, were to attempt to maintain a criminal prosecution in our courts, that it would not be permitted; and yet as to its judicial power, and its penal laws, the government of the United States is as much an independent state and separate government as Great Britain, France, or either of the United States.

OHIO,
Aug. 1816.

United States
v.
Campbell.

OHIO,
Aug. 1816.

United States
v.
Campbell.

It hath been urged, that the constitution gives to congress the power to lay and collect taxes, duties, imposts, excises, &c. and to make all laws which shall be necessary and proper for carrying that power into execution; that to collect the excise, they have judged it necessary to vest a jurisdiction in certain cases in the state courts. If they have judged it to be necessary, they have been mistaken: convenience is not necessity; their own tribunals are sufficient to enforce their laws. If it be true, that congress, under this provision of the constitution, may pass any laws they deem necessary to carry their specific powers into execution, and are the sole judges of such necessity, where are they to stop? Possessing the sword and the purse of the whole confederacy, nothing more than the establishment of such a principle is wanting to vest congress with absolute power, and to effect a complete consolidation of the states. We have seen that the constitution of the United States doth not give congress the power of vesting jurisdiction in the state courts; the constitution and laws of the state of Ohio do not give us jurisdiction, nor can we sustain it on general principles of law.

An opinion has been read, in which it is stated, that the third article of the constitution of the United States, vests in the government of the United States a privilege of having their causes determined in their own courts; and that this privilege may be waived by them. By the 1st art. of the constitution, the legislative powers of the United States are vested in congress. By the 2d, the executive power of the United States is vested in a president. I do not see why this doctrine of privilege and waiver, may not, with as much reason be applied to the legislative and executive, as to the judicial power, and so the whole government of the United States be waved. This theory is new—it is beyond my comprehension.

The second question raised in this case is, whether the court can sustain a criminal prosecution by information under the constitution of this state.

By the 10th section of the 8th article of the constitution of Ohio, it is declared, " That no person arrested or confined in jail shall be put to answer any criminal charge, but by presentment, indictment, or impeachment."

An information is as much a criminal prosecution as an indictment: the same process issues on the one as on the other—to bring the person charged or informed against before the court, and that process with us is a capias. The defendant has been taken by a capias, and is now holden to answer this information.

OHIO,<br>Aug. 1816.<br><br>United States<br>v.<br>Campbell.

I think that a fair construction of our constitution requires us to say, that the proceeding by information is prohibited by it. If we examine the history of informations, we find that they have crept into use against the plain meaning of magna charta: that although in England a series of precedents support them, yet they are neither suited to our principles of government, nor countenced or permitted by the state constitution. Such is the unanimous opinion of the court.